**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE GREAT LAKES DREDGE & DOCK
CORPORATION SECURITIES LITIGATION

Case No. 1:13-cv-02115
Honorable Charles R. Norgle, Sr.

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement ("Stipulation") is entered into by United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 ("Local No. 8" or "Lead Plaintiff," individually and in its representative capacity on behalf of a Settlement Class (as defined herein)) and defendants Great Lakes Dredge & Dock Corporation ("GLDD" or the "Company"), Jonathan W. Berger, Bruce J. Biemeck, and William S. Steckel. All defendants together are referred to herein as the "Defendants," they are referred to herein individually as a "Defendant," and Lead Plaintiff and Defendants together are referred to herein as the "Parties."

WHEREAS, a putative class action lawsuit was filed against Defendants alleging federal securities law violations on behalf of a class of GLDD securities purchasers;

WHEREAS, Lead Plaintiff and Defendants jointly retained the Hon. William J. Cahill (Ret.) of JAMS to mediate their disputes and, with Judge Cahill's assistance, reached a tentative agreement on November 11, 2014 on terms for the Settlement of this case;

WHEREAS, since reaching the aforementioned tentative agreement, Lead Plaintiff and Defendants have engaged in good-faith efforts to complete the negotiation of the terms of settlement and have reached a definitive settlement, the terms of which are set forth herein; and

WHEREAS, the Settlement of this Action agreed to by Lead Plaintiff and Defendants is subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their duly authorized counsel, that this Action and the matters raised by it hereby will be settled, compromised and dismissed on the merits and with prejudice, on the terms and conditions set forth in this Stipulation, subject to the approval of the Court.

1

## I.      INTRODUCTION AND DEFINITIONS

### 1.      Procedural History

On March 19, 2013, Local No. 8 filed the first class action complaint for violations of the federal securities laws against Defendants in the United States District Court for the Northern District of Illinois (the "Court").  Shareholders filed two additional putative class actions against Defendants, alleging federal securities law violations: *Boozer v. Great Lakes Dredge & Dock Corporation, et al.*, Case No. 1:13-cv-02339 and *Connors v. Great Lakes Dredge & Dock Corporation, et al.*, Case No. 1:12-cv-02450.

In its June 10, 2013 order, the Court consolidated all related actions, appointed Local No. 8 as Lead Plaintiff and approved Lead Plaintiff's selection of Saxena White P.A. ("Saxena White") as Lead Counsel and Lasky & Rifkind, LTD ("Lasky") as Liaison Counsel (D.I. 30).

On August 9, 2013, Lead Plaintiff filed an amended class action complaint for violations of the federal securities laws (the "Amended Complaint") (D.I. 32) against Jonathan W. Berger, Bruce J. Biemeck, and William S. Steckel (collectively, the "Individual Defendants") and GLDD.  Defendants moved to dismiss the Amended Complaint on October 8, 2013 (D.I. 36).  Lead Plaintiff responded to Defendants' motion by filing its opposition brief on December 9, 2013 (D.I. 43), to which Defendants replied on January 23, 2014 (D.I. 44).

On September 24, 2014, after holding oral argument, the Court issued an order denying Defendants' motion to dismiss (D.I. 51).  Defendants filed a motion for reconsideration on September 29, 2014 (D.I. 49), which Lead Plaintiff opposed on October 2, 2014 (D.I. 54).  After granting Defendants' motion for reconsideration, the Honorable Charles R. Norgle again denied Defendants' motion to dismiss (D.I. 55).

### 2.      Settlement Discussions

Counsel for Lead Plaintiff and for Defendants participated in a mediation session in San Francisco, California with Judge Cahill on November 11, 2014.  Prior to the mediation, each side submitted comprehensive mediation statements setting forth their respective positions.  As a result of negotiations that occurred during and after the mediation, the Parties reached agreement on the settlement terms set forth herein.

### 3.      Settlement Considerations

Based upon their investigation and evaluation of the facts and law relating to the claims alleged in the Amended Complaint, Lead Plaintiff and Lead Counsel (which has extensive experience in securities class action litigation) have agreed to settle the Action pursuant to the terms of this Stipulation after considering, among other things, (i) the substantial benefits to Settlement Class Members under the terms of the Stipulation; (ii) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; (iii) the desirability of consummating this Stipulation promptly in order to provide effective relief to Settlement Class Members; and (iv) their belief that the settlement is fair, reasonable and adequate, and in the best interests of Settlement Class Members.

The Defendants expressly deny the wrongdoing alleged in the Amended Complaint filed in this Action and do not concede any wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against them in the Action, but consider it desirable for the Action to be settled and dismissed because the proposed settlement will (i) bring to an end the substantial expense, burdens and uncertainties associated with continued litigation of the claims made by Lead Plaintiff; (ii) finally put to rest those claims and the underlying

matters; and (iii) confer substantial benefits upon each Defendant including, without limitation, the avoidance of further expense and disruption due to the pendency and defense of the Action.

## II.      SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff, on behalf of itself and each Settlement Class Member, and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice as to all Parties upon and subject to the terms and conditions of this Stipulation.

### 1.      Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1.    "Action" means the case captioned *In re Great Lakes Dredge & Dock Corporation Securities Litigation*, Civil Action No. 13-cv-02115, in the United States District Court for the Northern District of Illinois, Eastern Division, together with all cases consolidated therewith as of the Effective Date.

1.2.    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim that is approved by the Claims Administrator in whole or in part.

1.3.    "Cash Settlement Payment" means one million, nine hundred fifty-five thousand dollars ($1,955,000), which amount shall be paid on behalf of Defendants pursuant to paragraph 2.1 below.

1.4.    "Claim" means any and all actions, causes of action, proceedings, adjustments, executions, offsets, contracts, judgments, obligations, suits, debts, dues, sums of money,

4

accounts, reckonings, bonds, bills, specialties, variances, covenants, trespasses, damages, demands (whether written or oral), agreements, promises, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty or in equity and whether based on any federal law, state law, foreign law or common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, suspected or unsuspected, hidden or concealed, accrued or not accrued.

1.5. "Claims Administrator" means the firm of Epiq Class Action & Claims Solutions, Inc., which shall administer the Settlement subject to approval and appointment by the Court.

1.6. "Effective Date" means the first date by which all of the conditions specified in paragraph 8.1 below have occurred.

1.7. "Escrow Agent" means the firm of Epiq Class Action & Claims Solutions, Inc.

1.8. "Fairness Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Stipulation pursuant to Fed. R. Civ. P. 23.

1.9. "Family Members" means children, stepchildren, parents, stepparents, and spouses. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.10. "Final" means the time when either of the following has occurred: (a) if an appeal or review of the Judgment is not sought, the date following the expiration of the time within which to appeal or otherwise seek review of the Judgment; or (b) if an appeal or review of the Judgment is sought, the day after the Judgment is affirmed on appeal or the request for review is dismissed or denied and the Judgment is no longer subject to further judicial review. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and expenses, the Representative Reimbursement, or the Plan of Allocation of

5

the Settlement Fund. For the avoidance of doubt, any proceeding or order, or any appeal or petition for a writ of certiorari, pertaining solely to any plan of distribution, the application for or award of attorneys' fees or expenses, or the Representative Reimbursement shall not in any way delay or preclude the Judgment from becoming Final.

1.11. "Judgment" means the Court's order finally approving the settlement and this Stipulation, substantially in the form and content set out in Exhibit B attached hereto.

1.12. "Lead Counsel" means Saxena White P.A., 5200 Town Center Circle, Suite 601, Boca Raton, FL 33486.

1.13. "Liaison Counsel" means Lasky & Rifkind, LTD., 351 West Hubbard Street, Suite 401 Chicago, IL 60654.

1.14. "Net Settlement Fund" means the Settlement Fund less (i) any Notice and Administration Expenses, (ii) the Fee and Expense Award (as defined below), and (iii) the Representative Reimbursement.

1.15. "Notice" means the notice to be mailed to Settlement Class Members, which shall be substantially in the form and content set out in Exhibit A-1.

1.16. "Notice and Administration Expenses" means all expenses associated with the administration of the settlement, including, but not limited to, the expenses associated with identifying the names and addresses of Settlement Class Members, preparation, printing, mailing, and publication of the Notice and Summary Notice to Settlement Class Members, assisting Settlement Class Members with filing Proofs of Claim, processing Proof of Claim forms, distributing the Net Settlement Fund, and paying escrow fees and costs; provided however, that Notice and Administration Expenses shall not include the fees or expenses of Lead Counsel or any other counsel for Lead Plaintiff or the Settlement Class.

1.17.    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18.    "Plaintiff" means any plaintiff who appeared in the Action.

1.19.    "Plaintiff's Counsel" means any counsel who has appeared in the Action on behalf of any Plaintiff.

1.20.    "Plan of Allocation" means the terms and procedures for allocating the Net Settlement Fund among, and distributing the Net Settlement Fund to, Authorized Claimants as set forth in the Notice, or as the Court shall otherwise approve.

1.21.    "Preliminary Approval Order" means the order to be entered by the Court concerning notice and administration, and scheduling the Fairness Hearing, as contemplated in paragraph 3.1 of this Stipulation, which shall be substantially in the form and content set out in Exhibit A.

1.22.    "Proof of Claim" means the proof of claim and release form that shall be substantially in the form and content set out in Exhibit A-2 and that will be mailed to Settlement Class Members with the Notice, pursuant to which Settlement Class Members will submit a claim under the procedures set out in this Stipulation.

1.23.    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, et seq.

1.24.    "Released Claims" means any and all Claims, debts, demands, liabilities, rights, and causes of action of every nature and description whatsoever (including, but not limited to,

7

any claims for compensatory, punitive, or statutory damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, whether asserted directly, indirectly, or derivatively, including both known Claims and Unknown Claims, and including any other Claims addressed by Sections 4.2 and 4.3 below, that are based upon, arise out of, relate in any way to, or involve, directly or indirectly: (i) any act, failure to act, transaction, occurrence, statement, representation, disclosure, nondisclosure, omission, allegation, fact, practice, event, or Claim arising therefrom or related thereto, that were alleged or asserted in, or which could have been alleged or asserted in the Action; or (ii) that relate to the legal or beneficial purchase, acquisition, or sale of GLDD common stock during the Settlement Class Period. Released Claims do not include any Claims relating to the enforcement of the Settlement or any Claims against any person or entity who or which submits a timely and valid request for exclusion from the Settlement Class.

1.25. "Released Persons" means Defendants, collectively and each of them, and each of the Defendant's respective Family Members and current, former, or future parents, subsidiaries, associates, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, insurers, co-insurers, reinsurers, heirs, assigns, executors, general or limited partners or partnerships, personal or legal representatives, estates, administrators, predecessors, successors, advisors, any trusts in which Defendants, or any of them, are settlors, or which are for the benefit of any

8

Defendant and/or members of his or her immediate family, and/or any other individual or entity in which any Defendant has or had a controlling interest or which is or was related to or affiliated with any Defendant.

1.26.   "Representative Reimbursement" means the payments that may be awarded by the Court to be paid to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly relating to its representation of the Settlement Class, as set forth in paragraph 6.1 below.

1.27.   "Stipulation" means this Stipulation with its Exhibits, including any subsequent amendments thereto.

1.28.   "Settlement" means the settlement of the Action contemplated by this Stipulation.

1.29.   "Settlement Class" or "Settlement Class Members" means all persons or entities who purchased or otherwise acquired shares of GLDD common stock from August 7, 2012 through August 7, 2013, inclusive, including any and all of their respective current or future representatives, successors-in-interest, successors, predecessors, trustees, executors, heirs, administrators, estates, assigns, and transferees, and any person or entity acting for or on their behalf, or claiming under, any of them.  Excluded from the Settlement Class are Defendants and all current or former officers and directors of GLDD or any of its current or former subsidiaries, and all such persons' Family Members, legal representatives, heirs, predecessors, successors and assigns, and any entity in which any excluded person has or had a controlling interest.  Also excluded from the Settlement Class are those persons who submit valid and timely requests for exclusion.

1.30.   "Settlement Class Period" means the time period from August 7, 2012 through August 7, 2013, inclusive.

1.31.   "Settlement Fund" means the fund consisting of the Cash Settlement Payment, plus all interest earned thereon after the date such payment is made.

1.32.   "Summary Notice" means the published notice of the proposed settlement, which shall be substantially in the form of Exhibit A-3 hereto.

1.33.   "Unknown Claim" means any Released Claim that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement.

## 2.   The Settlement

### a.   The Settlement Fund

2.1.   Subject to the terms of this Stipulation, GLDD shall cause to be paid the sum of $1,955,000 (one million, nine hundred fifty-five thousand dollars) into the escrow account designated by the Escrow Agent on or before the date that is fourteen (14) business days after entry of the Preliminary Approval Order, provided that Lead Plaintiff shall have provided Defendants' counsel with an appropriate W-9 form and other necessary payee information for the escrow account at least seven (7) business days after entry of the Preliminary Approval Order.   Neither Defendants nor Defendants' insurers shall have any obligation under this Stipulation for payment of any amounts beyond the Cash Settlement Payment.

### b.   The Escrow Agent

2.2.   The Escrow Agent shall accept the Cash Settlement Payment and shall establish and maintain the Settlement Fund account in its capacity as Escrow Agent pursuant to the terms of the Stipulation.

2.3.    The Escrow Agent shall invest the Settlement Fund deposited pursuant to paragraph 2.1. above in investments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and promptly reinvest the proceeds of these instruments as they mature in similar investments.  All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund.

2.4.    Defendants shall not provide supervision, recommendations or advice relating to either the investment of the Settlement Fund Account or the purchase, sale, retention or other disposition of any investment described herein.

2.5.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.6.    Without further order of the Court, the Settlement Fund may be used by Lead Counsel to pay Notice and Administration Expenses.

### c.    Taxes

2.7.    (a) The Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph 2.7, including, if necessary, the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of the Escrow Agent to timely and properly prepare and

deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in paragraph 2.7(a) above) shall be consistent with this paragraph 2.7 and in all events shall reflect that all Taxes (as defined in paragraph 2.7(c) below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 2.7(c) below.

(c) All (a) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund (including any taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes) ("Taxes"); and (b) all expenses and costs incurred in connection with the operation and implementation of this paragraph 2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph 2.7) ("Tax Expenses") shall be paid out of the Settlement Fund. In no event shall any of Defendants, Defendants' counsel or Defendants' insurers have any responsibility for or liability with respect to any Taxes or Tax Expenses. The Settlement Fund shall indemnify and hold each of the Defendants, Defendants' counsel and Defendants' insurers harmless for any and all Taxes and Tax Expenses (including, without limitation, Taxes payable

12

by reason of any such indemnification). Further, any and all Taxes and Tax Expenses shall be treated as, and considered to be, part of the Notice and Administration Expenses and shall be timely paid by the Escrow Agent out of the Settlement Fund without further consent of Defendants or further order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)). None of Defendants, Defendants' counsel, or Defendants' insurers are responsible therefor nor shall they have any liability with respect thereto. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph 2.7.

### d. Termination of Settlement

2.8. In the event that this Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund shall be refunded as specified in paragraph 9.2 below.

### 3. Preliminary Approval Order, Notice and Fairness Hearing

3.1. As soon as practicable after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall file a motion seeking entry of the Preliminary Approval Order, substantially in the form of Exhibit A attached hereto, requesting, inter alia, the preliminary approval of the Settlement set forth in this Stipulation, approval for mailing the Notice substantially in the form of Exhibit A-1 attached

hereto, and for publication of the Summary Notice substantially in the form of Exhibit A-3 attached hereto.

3.2.    For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, GLDD shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its list of names and addresses of shareholders of GLDD common stock during the Settlement Class Period, in electronic form.

3.3.    In addition, Lead Plaintiff's motion shall request that the Court hold the Fairness Hearing to determine whether to grant final approval to the Settlement of the Action as set forth herein.  At or after the Fairness Hearing, Lead Counsel will request that the Court approve the proposed Plan of Allocation, any attorneys' fees and expenses, and Lead Plaintiff's Representative Reimbursement.

**4.    Releases**

4.1.    Upon the Effective Date, Lead Plaintiff and the Settlement Class Members shall have fully, finally, and forever released, relinquished, and discharged any and all Released Claims against any and all Released Persons, whether or not such Lead Plaintiff or Settlement Class Member executes the Proof of Claim.

4.2.    The Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have waived and relinquished, and by operation of the Judgment shall have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

4.3.      Upon the Effective Date, Lead Plaintiff shall expressly waive and relinquish, and each of the Settlement Class Members shall be deemed to have waived and relinquished, and by operation of the Judgment shall have expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver and relinquishment were separately bargained for and are key elements of the Settlement of which this release is a part.

4.4.      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished,

15

and discharged Lead Plaintiff and each and all of the Settlement Class Members and Plaintiff's Counsel from all Claims arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

4.5.    Lead Plaintiff and the Settlement Class Members expressly covenant not to assert, and shall be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding of any kind in any court of law or equity, arbitration tribunal, administrative forum, or any other forum of any kind asserting, any and all Released Claims against any and all Released Persons, whether or not such Lead Plaintiff or Settlement Class Member executes the Proof of Claim.

**5.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of Settlement Fund**

5.1.    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members.

5.2.    The Settlement Fund shall be applied as follows:

(a)    to pay all Notice and Administration Expenses (including Taxes and Tax Expenses described in paragraph 2.7 above);

(b)    to pay attorneys' fees and expenses with interest thereon (the "Fee and Expense Award") and the Representative Reimbursement, as may be awarded by the Court; and

(c)    after the Effective Date, to distribute the balance of the Settlement Fund (the Net Settlement Fund) to Authorized Claimants as allowed by the Plan of Allocation, as approved or modified by the Court.

5.3.    Within ninety (90) days from the date set by the Court to publish the Summary Notice, each Settlement Class Member wishing to participate in the Settlement shall be required to submit to the Claims Administrator a completed Proof of Claim signed under penalty of

16

perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to the Authorized Claimant.

5.4.    Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept for processing late submitted Proofs of Claim as long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Lead Counsel also shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

5.5.    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice, as approved or modified by the Court; however, no Authorized Claimant will have a vested interest in the Settlement Fund until such Authorized Claimant has cashed his, her or its check.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization designated by Lead Counsel.

5.6. This is not a claims-made settlement. Accordingly, once all conditions of this Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or Defendants' insurers.

5.7. No Person shall have any Claim against Lead Plaintiff, the Escrow Agent, Lead Counsel, Liaison Counsel, the Claims Administrator, or other Person designated by Lead Counsel based on distributions made substantially in accordance with this Stipulation and the Settlement contained herein, a Court-approved Plan of Allocation, and/or further order(s) of the Court.

5.8. None of the Defendants or other Released Persons shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the claims process, or disbursement of or distribution from the Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members or Lead Counsel in connection with the foregoing. Counsel for the Parties shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms. Without limiting the foregoing, Defendants and their counsel shall have no responsibility for, interest in, or liability with respect to:

(a) any act, omission or determination of the Escrow Agent, Claims Administrator or their designees or agents;

(b) the administration, investment, management, or distribution of the Settlement Fund or the Net Settlement Fund;

(c) payment of Notice and Administration Expenses;

(d) the administration, calculation, or payment of any claims;

(e)      the solicitation or review of Proofs of Claim;

(f)      the determination, administration, calculation, payment or withholding of any Taxes or Tax Expenses;

(g)      the Plan of Allocation; or

(h)      any losses incurred in connection with any of the foregoing.

5.9.    For the avoidance of doubt, no Person shall have any Claim against the Released Persons based on, or in any way relating to, the distributions from the Settlement Fund.

5.10.    For the avoidance of doubt, it is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered by the Court.

## 6. Lead Counsel's Attorneys' Fees and Expenses

6.1.    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund of (a) an award of reasonable attorneys' fees from the Settlement Fund; (b) reimbursement of Lead Counsel's expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Action, plus any interest on such expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid); and (c) payment of Lead Plaintiff's reasonable costs and expenses pursuant to 15 U.S.C. §78u-4(a)(4).

6.2.    Any attorneys' fees and expenses awarded by the Court shall be payable to Lead Counsel from the Settlement Fund upon entry of the Judgment.  Lead Counsel may thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of Plaintiff's Counsel to the prosecution and settlement of the Action.

6.3.    For the avoidance of doubt, any order or proceeding relating to the Fee and Expense Application or the Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the settlement of the Action set forth therein.

6.4.    For the avoidance of doubt, Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and expenses to Lead Counsel or any other Plaintiff's Counsel, and any such fees or expenses shall be paid solely from the Settlement Fund.

6.5.    For the avoidance of doubt, Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

## 7.    Final Approval Motion and Judgment Approving the Settlement

7.1.    At least twenty-one (21) calendar days prior to the Fairness Hearing, Lead Plaintiff shall file its Fee and Expense Application and a motion with the Court seeking final approval of the Settlement and entry of the Judgment substantially in the form of Exhibit B attached hereto.  In connection with Lead Plaintiff's final approval motion, Lead Plaintiff shall submit an affidavit from the Claims Administrator describing the efforts taken to effect the

notice provisions described in paragraphs 3.1-3.2. Reply papers, if any, shall be filed and served at least seven (7) calendar days before the Fairness Hearing.

### 8. Conditions of Settlement

8.1. The Effective Date of this Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     payment of the Cash Settlement Payment in accordance with paragraph 2.1 above;

(b)     entry of the Preliminary Approval Order in accordance with paragraph 3.1 above;

(c)     the Defendants not having exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Confidential Supplemental Agreement ("Supplemental Agreement"));

(d)     entry of the Judgment in accordance with paragraph 7.1 above; and

(e)     the Judgment becoming Final, as defined in paragraph 1.10 above.

8.2. Upon the occurrence of all of the events listed in paragraph 8.1 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If all of the conditions specified in paragraph 8.1 above are not met, then this Stipulation shall be canceled and terminated subject to paragraph 9.2 below unless Lead Plaintiff and Defendants mutually agree in writing to proceed with this Stipulation.

### 9. Rights of Termination and Effects Thereof

9.1. Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for the other parties within thirty (30) days after the date on which any of the following occurs:

(a)     the Court declines to enter the Preliminary Approval Order in all material respects;

(b)     the Court declines to approve this Stipulation or any material part of it;

(c)     the Court declines to enter the Judgment in all material respects;

(d)     the Judgment is modified or reversed in any material respect on appeal;

**(e)**     in the event that the Court enters a judgment other than the one substantially in the form of Exhibit B attached hereto ("Alternative Judgment") and neither of the Parties elects to terminate the Settlement, the date that such Alternative Judgment is modified or reversed in any material respect on appeal.  For the avoidance of doubt, anything relating to attorneys' fees and expenses, the Representative Reimbursement, or the Plan of Allocation is not material for purposes of this provision.

9.2.     Unless otherwise ordered by the Court, in the event this Stipulation shall terminate, or be canceled, or shall not become effective for any reason (including, but not limited to, pursuant to the Supplemental Agreement between the Parties), within five (5) business days after written notification of such event is sent by counsel for Defendants or Lead Counsel to the Escrow Agent, the Escrow Agent for the Settlement Fund shall, in accordance with the written instructions from counsel for Defendants, cause the Settlement Fund, including any attorneys' fees and costs paid from the Settlement Fund pursuant to paragraph 6 above, to revert back to the entity  that made the deposit into the Settlement Fund, together with any interest earned thereon, less any deductions for:  (1) any Taxes or Tax Expenses pursuant to paragraph 2.7 above due with respect to any interest earned by the Settlement Fund; and (2) any amounts reasonably and actually paid, incurred or due and owing pursuant to paragraph 2.6 above in connection with notice and administration of the Settlement provided for herein.  If this Stipulation is terminated

22

pursuant to its terms, the Escrow Agent, at the request of Defendants or Lead Plaintiff, shall apply for any tax refund owed to the Settlement Fund and pay the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to the entity that made the deposit into the Settlement Fund.

9.3.    In addition to the grounds set forth in paragraph 9.1 above, the Defendants shall have the unilateral right to terminate the Settlement in the event that the conditions set forth in the Supplemental Agreement are met.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any manner (other than the statements herein and in the Notice, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and the Defendants concerning its interpretation or application.   If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, Lead Plaintiff and the Defendants will seek to have the Supplemental Agreement submitted to the Court in camera.

9.4.    To the extent that any sums that become due and returnable pursuant to the terms of paragraph 9.2 are not returned and refunded to the party that made the deposit into the Settlement Fund within the time specified in paragraph 9.2, all Plaintiff's Counsel shall be jointly and severally liable for the repayment of such amounts within ten (10) business days after written notification of such outstanding sums is sent by counsel for Defendants.

9.5.    If this Stipulation is terminated pursuant to its terms, each of the Parties shall be deemed to have reverted to his, her or its status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, shall retain all of their respective claims and defenses in the Action, and

23

shall revert to their respective positions in the Action, except that the provisions of paragraphs 2.7, 9.3-9.5, 10.1, 11.1-11.23 shall survive termination.

9.6.    For the avoidance of doubt, no order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation, the amount of any attorneys' fees and expenses, or the Representative Reimbursement shall be material for purposes of paragraph 9.1 or constitute grounds for termination of the Stipulation.

**10.    No Admission of Wrongdoing**

10.1    Neither this Stipulation nor the Settlement set forth herein, whether or not consummated, nor any negotiations, discussions, proceedings, acts performed or documents executed pursuant to or in furtherance of this Stipulation or the Settlement, is or may be:

(a)    deemed to be, or used as, an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any Defendant;

(b)    offered or received against any Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiff and the Settlement Class;

(c)    deemed to be, or used as, an admission of, or evidence of, any fault or omission of any Defendant in any civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants and any Released Person may refer to it to effectuate the releases granted them hereunder; or

24

(d)     construed against Defendants, Lead Plaintiff, or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial.

10.2.   If this Stipulation is approved by the Court, the Parties and the Released Persons and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## 11.     Miscellaneous Provisions

11.1    Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as Settlement Class Representative for the Settlement Class; and (c) appointment of Lead Counsel as Settlement Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.  Defendants' conditional stipulation to a Settlement Class is for settlement purposes only and contingent upon consummation of the Settlement and the Judgment becoming Final.  If the Settlement does not become effective, Defendants reserve their rights to assert objections and defenses to certification of any class, and Lead Plaintiff and Lead Counsel agree that they will not offer Defendants' conditional stipulation to a Settlement Class as support for a motion to certify a class, or argue that Defendants are equitably or judicially estopped from contesting certification of a class in the Action.

11.2    The Parties: (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all

terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.

11.3    This Stipulation and the Exhibits attached hereto constitute the entire agreement between the Parties with regard to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties.

11.4    No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto, or their respective successors-in-interest. No representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits, other than the representations and warranties contained and memorialized in such documents.  Except as otherwise provided for herein, each party shall bear his, her, or its own attorneys' fees and costs and expenses.

11.5    The Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Action and the Released Claims.  The Settlement compromises Claims that are contested and shall not be deemed an admission by any Party as to the merits of any Claim or defense.  Lead Plaintiff, Defendants and their respective counsel agree that each has complied fully with the Federal Rules of Civil Procedure.  The Judgment will contain a statement that during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

11.6    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative

(whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith nor will they deny that the Action is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiff and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

11.7    Defendants and any Released Person may file the Action and/or the Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.8    All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

11.9    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of (i) the proposed Judgment shall prevail, then if necessary (ii) the terms of the proposed Preliminary Approval Order shall prevail, then if necessary (iii) the terms of the Stipulation shall prevail.

11.10   Lead Counsel, on behalf of the Settlement Class, is expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

11.11   Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.12   This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or email, or by a .pdf/.tif image of the signature transmitted via email.

11.13   All executed counterparts and each of them shall be deemed to be one and the same instrument.

11.14   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

11.15   None of the Parties shall be considered to be the drafter of this Stipulation or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.  The Parties agree that this Stipulation was drafted at arm's-length, and that no other evidence may be offered to explain, construe, contradict or clarify it terms, the intent of the Parties or their counsel, or the circumstances under which this Stipulation or Settlement was made or executed.

11.16   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the

designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days. As used in the preceding sentence, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day and any other appointed as a federal holiday.

11.17  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

11.18   The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

11.19   Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

11.20  If a case is commenced with respect to any Defendant under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver, or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of such Defendant pursuant to this Stipulation, which releases and the Judgment shall be null and

void, and any other cash amounts in the Settlement Fund paid by or on behalf of such affected Defendant shall be returned as provided herein.

11.21  This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Illinois, and the construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

11.22  If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Any written notice required pursuant to or in connection with this Stipulation shall be addressed to counsel as follows:

<u>For Lead Plaintiff:</u>

Lester R. Hooker
Saxena White P.A.
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Office: (561)394-3399
Fax: (561) 394-3082
Email: lhooker@saxenawhite.com

<u>For Defendants:</u>

Walter C. Carlson
Sidley Austin LLP
One South Dearborn
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:  (312) 853-7036
Email: wcarlson@sidley.com

11.23  No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their

30

counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

11.24   Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of May 26, 2015.

**SAXENA WHITE P.A.**

_____

Joseph E. White, III
Lester R. Hooker
5200 Town Center Circle, Suite 601
Boca Raton, FL 33486
Telephone: (561) 394-3399
Fax: (561) 394-3082

*Lead Counsel for Lead Plaintiff*

**LASKY & RIFKIND, LTD.**
Norman Rifkind
Amelia S. Newton
351 West Hubbard Street, Suite 401
Chicago, IL 60654
Tel: (312) 634-0057
Fax: (312)634-0059

*Liaison Counsel for Lead Plaintiff*

**SIDLEY AUSTIN LLP**

*Hille R Sheppard*

Walter C. Carlson
Hille R. Sheppard
John M. Skakun III
One South Dearborn
Chicago, IL 60603
(312) 853-7000

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 2nd day of June, 2015, I presented the foregoing to the

Clerk of the Court for filing and uploading to the CM/ECF system.


*<u>/s/ Norman Rifkind</u>*
Norman Rifkind