AES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE GREAT LAKES DREDGE & DOCK CORPORATION SECURITIES LITIGATION | Case No. 1:13-cv-02115<br>Honorable Charles R. Norgle, Sr. |

ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING
SETTLEMENT CLASS AND
PROVIDING FOR NOTICE OF SETTLEMENT

WHEREAS, on May 26, 2015, the parties to the above-entitled action (the "Action") entered into the Stipulation of Settlement (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement and for the dismissal of the Action on the merits and with prejudice. The Court has read and considered the Stipulation and the accompanying documents. The parties to the Stipulation have consented to the entry of this Order.[1]

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of a Settlement Class consisting of all persons or entities who purchased or otherwise acquired shares of Great Lakes Dredge & Dock Corporation ("GLDD" or the "Company") common stock from August 7, 2012 through August 7, 2013, inclusive (the "Settlement Class Period"), including any and all of their respective successors-in-interest, successors, predecessors, trustees, executors, heirs, administrators, estates, assigns, and transferees, and any person or entity acting for or on their behalf, or claiming under, any of them. Excluded from the Settlement Class are: (i) such persons or entities who submit valid and timely requests for exclusion from the Settlement Class in accordance with this Order; (ii) Defendants, and all officers and directors of GLDD, and all such persons' Family Members, legal representatives, heirs, executors, predecessors, successors, and assigns, and any entity in which any excluded person has or had a controlling interest.

---

[1] Capitalized terms not otherwise defined herein have the meanings assigned to them in the Stipulation.

2. The Court finds upon a preliminary evaluation, for purposes of the Settlement only, that the Settlement Class satisfies the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure in that: (i) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) Lead Plaintiff's claims are typical of the claims of the Settlement Class; (iv) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (v) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (vi) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 is preliminarily certified as Class Representative and Lead Counsel Saxena White P.A. is preliminarily certified as Settlement Class Counsel.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby preliminarily approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate to, and in the best interests of, Lead Plaintiff, the Settlement Class, and each of the Settlement Class Members, subject to further consideration at the hearing to be conducted as described below (the "Fairness Hearing").

5. The Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, Courtroom 2341 is hereby scheduled to be held before the Court on September 18, 2015, at 10:00 a.m. for the following purposes:

a. to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

b. to finally determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

c. to finally determine whether the proposed Order and Final Judgment (the "Judgment") dismissing the Action on the merits and with prejudice, as provided under the Stipulation, should be entered, and to finally determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Persons;

d. to finally determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

e. to consider Lead Counsel's application for an award of attorneys' fees and expenses and Lead Plaintiff's application for a Representative Reimbursement; and

f. to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Judgment approving the Stipulation and dismissing the Action on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses. The Court may also approve the Settlement with such modifications as may be agreed upon or consented to by Lead Plaintiff and Defendants without further notice to the Settlement Class where doing so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

7. The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice"), the Proof of Claim and Release form ("Proof of Claim"), the Summary Notice, and the Class Action Fairness Act ("CAFA") notice (the "CAFA Notice") annexed to the Stipulation as Exhibits A-1, A-2, A-3, and A-4 respectively.

8. The Court approves the appointment of Epiq Class Action & Claims Solutions, Inc. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, on or before July 2, 2015, to all Settlement Class Members who can be identified with reasonable effort. GLDD shall cause GLDD's transfer records and shareholder information to be made available to the Claims Administrator for the purpose of identifying and giving notice to the Settlement Class. The Claims Administrator shall post copies of the Notice and the Proof of Claim on its website, and shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased GLDD common stock during the Settlement Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Settlement Class Counsel shall, if requested, reimburse out of the Settlement proceeds banks, brokerage houses, or other nominees that produce acceptable proof of reasonable out-of-pocket expenses incurred in providing notice to Settlement Class Members, which expenses would not have been

incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

9. The Court approves the Summary Notice in substantially the form and content annexed hereto as Exhibit A-3 and directs that the Claims Administrator shall cause the Summary Notice to be published once in *Investor's Business Daily* and posted on *Business Wire* on or before July 2, 2015.

10. The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions: (i) meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process; (ii) constitute the best notice practicable under the circumstances; and (iii) shall constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member shall be relieved or excused from the terms of the Settlement, including the releases of claims provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. The date and time of the Fairness Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

11. Not later than ten (10) calendar days after the motion for preliminary approval of the Settlement and entry of this Order is filed with the Court, GLDD will serve the CAFA Notice on the relevant public officials as required by 28 U.S.C. § 1715(b). Lead Plaintiff and Lead Counsel have no obligations regarding the CAFA Notice.

12. To participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

a. A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit A-2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, such that it is received no later than September 30, 2015. Any Settlement Class Member who does not timely submit a valid Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement but shall nonetheless be bound by the terms of the Judgment, unless otherwise ordered by the Court. Notwithstanding the foregoing, Settlement Class Counsel may, in its discretion, accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Defendants shall have no responsibility to make any determinations or calculations with respect to any Proofs of Claim.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed under penalty of perjury, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his or her authority to act on behalf of the Settlement Class Member is

included; and (iv) it contains no material deletions or modifications of any of the printed matter contained therein.

    c.  As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

    13.  Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and valid manner, as hereinafter provided, and do not validly retract or withdraw that request. A Settlement Class Member wishing to make such request must mail or deliver it such that it is received no later than August 19, 2015, to *In re Great Lakes Dredge & Dock Corporation Securities Litigation*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 2295, Portland, OR 97208-2995. Such request for exclusion shall clearly indicate the name, address, and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in *In re Great Lakes Dredge & Dock Corporation Securities Litigation*, Case No. 1:13-CV-02115, and be signed by such person. Such persons requesting exclusion are also directed to state: the dates, prices, and number of shares of all purchases and sales of GLDD common stock during the Settlement Class Period. Within ten (10) calendar days from the last date for receipt of requests for exclusion, the Claims Administrator shall provide each party's counsel a summary of all requests for exclusion, together with copies of each request for exclusion. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. To validly retract or withdraw a request for exclusion, a Settlement Class Member must file a written notice with the Court (which may be effected by

Lead Counsel) stating his, her, or its desire to retract or withdraw the request for exclusion and his, her, or its desire to be bound by any judgment or settlement of the Action. Lead Counsel shall provide a list of all timely and validly submitted requests for exclusion, which have not been validly retracted or withdrawn, to the Court in advance of the Fairness Hearing.

14. Any person who timely and validly requests exclusion in compliance with the terms stated in this Order, and does not validly retract or withdraw that request, shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member may object to the Settlement, the Judgment, the Plan of Allocation, the application for attorneys' fees and expenses, and/or the application for reimbursement of Lead Plaintiff's expenses, and may appear at the Fairness Hearing to raise such objection, provided that such Settlement Class Member submits (a) a written statement identifying the Settlement Class Member's name, address, and telephone number, and, if represented by counsel, counsel's name and contact information; (b) proof of ownership of GLDD common stock during the Settlement Class Period, including the number of GLDD shares and the date or dates of purchase; (c) a statement of the Settlement Class Member's objection and the grounds therefor; and (d) any supporting documentation. If the Settlement Class Member wishes to appear at the Fairness Hearing, that person must also include with the foregoing materials a statement of intention to appear at the Fairness Hearing. The Court will consider objections to the Settlement, the Plan of Allocation, the award of attorneys' fees and expenses, and/or the Representative Reimbursement only if such objections and any supporting papers are filed with the Clerk of the United States District Court for the Northern District of Illinois at least fourteen (14) calendar days before the Fairness Hearing, and sent by first class

mail and served upon each of the following: (on behalf of Lead Plaintiff and the Settlement Class) Lester R. Hooker, Saxena White P.A., 5200 Town Center Circle, Suite 601, Boca Raton, Florida, 33486; and (on behalf of Defendants) Walter C. Carlson, Sidley Austin LLP, One South Dearborn Street, Chicago, Illinois 60603.

16. Any Settlement Class Member who does not raise an objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from raising any objection concerning the Settlement, the Judgment, the Plan of Allocation, the attorneys' fees and expenses, and the Representative Reimbursement, unless otherwise ordered by the Court.

17. Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against any Released Person.

18. Settlement Class Counsel may pay, out of the Settlement Fund without further order of the Court: (i) to the Claims Administrator the reasonable costs associated with giving notice to the Settlement Class and fees for the review of claims and administration of the Settlement; and (ii) all costs related to any taxes due and owing by the Settlement Fund.

19. All papers in support of the Settlement, the Plan of Allocation, the application for attorneys' fees and expenses, and/or the application for the Representative Reimbursement shall be filed and served at least twenty-one (21) calendar days before the Fairness Hearing. Reply papers, if any, shall be filed and served at least seven (7) calendar days before the Fairness Hearing.

20. Neither Defendants nor Defendants' counsel shall have any responsibility for, or liability with respect to, the Plan of Allocation, the attorneys' fees and expenses, or the reimbursement of Lead Plaintiff's expenses; and all such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21. If: (i) the Settlement is terminated by Defendants pursuant to the Stipulation; or (ii) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Lead Counsel or Defendants' Counsel elect to terminate the Settlement as provided in the Stipulation, then, in any such event, the Stipulation, including any amendments thereof, and this Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her, or its respective position as it existed before the execution of the Stipulation, except as otherwise provided for in the Stipulation.

22. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

Dated: June 12, 2015

_____
The Honorable Charles R. Norgle, Sr.
United States District Judge